In the Matter of Supplementary Proceedings: MARY VINCIGUERRA, Judgment Creditor, *v.* WILLIAM BUSAM and BELLE BUSAM, Judgment Debtors.

City Court of New York, Queens County, November 30, 1938.

*Edward F. Corcoran,* for the judgment creditor.

*Weinchelblatt & Rosenthal,* for William Busam, judgment debtor.

WIENER, J. This is a motion by the judgment creditor for an order adjudging that the judgment debtor William Busam be punished as and for a contempt of court for his alleged misconduct in failing to comply with the provisions of section 781 of the Civil Practice Act indorsed upon the subpœna for examination in supplementary proceedings, heretofore served upon said judgment debtor.

On September 27, 1938, the judgment debtor William Busam was served with a subpœna in supplementary proceedings pursuant to the provisions of section 781 of the Civil Practice Act. Said subpœna had indorsed thereon the following:

" Civil Practice Act Section 781. Transfer of Property by Judgment Debtor or Third Party Enjoined.

" Upon the service of the subpœna upon the judgment debtor or any third party who has in his or its possession property or moneys belonging to the judgment debtor or claimed by the receiver of the said judgment debtor or who is indebted to the judgment debtor, such judgment debtor or third person is hereby forbidden to transfer, pay over or otherwise dispose of such moneys or property belonging to the judgment debtor or thereafter acquired by or becoming due to him, not exempt by law from application to the satisfaction of the judgment, until the further order of the Court. Any person served with said subpœna, who shall violate the provisions of such restraining provision, shall be subject to punishment by the Court by fine and imprisonment or either, as and for a contempt. To effect such restraining provision, a copy of this section must be indorsed upon the copy of the subpœna served under this article."

Two days after the service of said subpœna upon him the said judgment debtor conveyed to his mother, by a deed executed and acknowledged on that day, the bungalow premises owned by him in Rosedale, Queens county, N. Y.

The judgment creditor now contends that the transfer of said bungalow premises by the judgment debtor to his mother was a violation of section 781 of the Civil Practice Act, was made with intent to hinder, impede and impair the rights of the judgment creditor, and that the judgment debtor should be punished for contempt by reason thereof.

In opposition to the motion to punish him for contempt, the judgment debtor admits that the transfer in question was made by him two days after he was served with the subpœna in supplementary proceedings. By way of explanation and as a defense to the motion he says: "On or about July 29th, 1936, I received from the United States of America the sum of $750 in United States pension bonds that were my war veteran's bonus. On that day I cashed $250 of these bonds and used the same for the purchase of the lot and bungalow, the transfer of which is claimed to have prejudiced the judgment creditor."

In proof of the statement that the bungalow premises in question were purchased with money received in payment of adjusted compensation certificates, or war veteran's bonus, the judgment debtor submits a letter from the tax assessor, addressed to him and dated October 31, 1938, reading:

"Please be advised that property bearing the tax designation Ward 4, Block 4991, Lot 12, Borough of Queens, is exempt from taxation because the pension money (bonds) received by you was invested in this property.

"The amount of exemption is $350."

A tax bill, issued by the department of finance of the city of New York, is also annexed to the answering affidavit showing that the tax bill is marked exempt.

Section 667 of the Civil Practice Act, so far as here material, reads: "A land warrant, pension or other reward heretofore or hereafter granted by the United States, or by a State, for military or naval services * * * are also exempt from levy and sale by virtue of an execution, and from seizure in any legal proceeding."

A literal reading of the statute would restrict its benefits merely to the physical moneys received by the soldier or sailor. However, in interpreting this statute, its beneficent purpose must be kept in mind and it should be construed that the very evident intent of its framers will be given a full, broad and liberal effect. (*Surace* v. *Danna,* 248 N. Y. 18; *Crossman Co.* v. *Rauch,* 263 id. 264.)

In *Yates County Nat. Bank* v. *Carpenter* (119 N. Y. 550) it was contended that the statute merely applied to the bonus moneys *per se* and not to any property purchased therewith. In answer to the construction thus contended for, the Court of Appeals said: " It is quite obvious that such an exemption can produce no beneficial effect, unless it is extended beyond the letter of the act, and given life and force according to its evident spirit and meaning. Like other statutes, the section in question must be construed according to the meaning and intent of the lawmakers, and so as to effectuate their intention, so far as the language of the act will permit it to be done. Did the Legislature intend to limit the force of their exemption to a pension so long only as it remained an obligation of the government, or consisted of cash in the hands of the pensioner; or did they also intend to protect it after it had been expended in the purchase of articles of property designed to administer to the comfort and support of such pensioner and his family? If the latter was not intended, we must ascribe to the law-makers the absurd intention of granting pensions for the purpose of satisfying claims against pensioners, and not to provide for the care and confort of invalid or aged soldiers. If the soldier is not protected in the act of exchanging his pension for the necessaries of life, its only effect would be to enable his creditors to take it in satisfaction of their claims. No benefit is conferred if the protection is not extended beyond the possession of the money itself, for its only value consists in its purchasing power, and if the soldier is deprived of that, the pension might as well, so far as he is concerned, have remained ungranted. The plain purpose of the act was to promote the comfort of the soldier; to secure to him the bounty of the government, free from the claims of creditors, and to insure him and his family a safe, although modest maintenance, so long as their needs required it."

Since the subpœna served upon the judgment debtor by the judgment creditor did not apply to property " exempt by law from application to the satisfaction of the judgment," the transfer thereof by the judgment debtor did not violate either the subpœna or section 781 of the Civil Practice Act, pursuant to the provisions of which it was served. It follows that in transferring the bungalow property in question the judgment debtor William Busam was not guilty of contempt of court and this motion must consequently be and the same is hereby denied.