In the Matter of GENESEE VALLEY TRUST COMPANY, Judgment-Creditor-Respondent, against HANNAH GLAZER, Judgment-Debtor-Appellant.

Argued January 7, 1946; decided March 7, 1946.

*Charles A. West* and *Milo Thomas, 1st,* for appellant. The portion involved herein of the proceeds of the life insurance policy left with insurer for the benefit of the judgment debtor is exempt from process under section 15 of the Personal Property Law. (*Crossman Co.* v. *Rauch,* 263 N. Y. 264; *Matter of Nires,* 290 N. Y. 78; *Manufacturers Trust Company* v. *Lewis,* 18 N. Y. S. 2d 714.)

*Albert Hirst* for New York State Association of Life Underwriters, *amicus curiæ,* in support of appellant's ·position. I. The courts below erred in adopting the proposition that what is assignable cannot also be exempt from execution. (*Crossman Co.* v. *Rauch,* 263 N. Y. 264; *Barry* v. *Equitable Life Assur. Society,* 59 N. Y. 587; *Baron* v. *Brummer,* 100 N. Y. 372; *Amberg* v. *Manhattan Life Ins. Co.,* 171 N. Y. 314; *F. Frazier Jelke & Co.* v. *Greene,* 35 N. Y. S. 2d 91.) II. Section 15 of the Personal Property Law, as amended, offers the parties to the agreement the choice to prohibit transfer, commutation or incumbrance or legal process, or any two or all three of them.

*Walter J. Holloran* for respondent. I. The portion involved herein of the proceeds of the life insurance policy is not exempt under section 15 of the Personal Property Law. (*Bull* v. *Case,* 165 N. Y. 578; *Black* v. *N. Y. Life Ins. Co.,* 126 N. Y. S. 334; *Latterman* v. *Guardian Life Ins. Co.,* 280 N. Y. 102; *Matter of Scott,* 249 App. Div. 542, 274 N. Y. 538; *Jackson* v. *Tallmadge,* 246 N. Y. 133; *Amberg* v. *Manhattan Life Ins. Co.,* 171 N. Y. 314.) II. Being alienable, the fund is not exempt from claims of creditors. (*Crossman Co.* v. *Rauch,* 263 N. Y. 264; *Manufacturers Trust Co.* v. *Lewis,* 18 N. Y. S. 2d 714; *Manufacturers Trust Co.* v. *Miller,* 288 N. Y. 534.)

Lewis, J. In this proceeding supplementary to judgment the judgment debtor challenges the legality of a County Court order made under section 794 of the Civil Practice Act. That order directs a life insurance company to pay to the judgment creditor a stated amount on account of an alleged indebtedness of the insurance company to the judgment debtor as the beneficiary of a life insurance policy. At the Appellate Division the order of County Court was affirmed, two justices dissenting.

In 1934 Hannah Glazer was indebted to Genesee Valley Trust Company in the amount of $1,812.25 by reason of a judgment rendered in an action upon a promissory note signed by her and by her husband, Abraham A. Glazer, as comakers. While that judgment remained unpaid there occurred the death of Abraham A. Glazer and thereupon there became payable a $10,000 policy of life insurance issued upon his life by The Equitable Life Assurance Society of the United States, to which it will be convenient to refer as " Equitable."

Upon this appeal we are concerned only with the disposition to be made of a portion of the proceeds of that policy amounting to $2,500, which, according to contractual provisions within the policy, is to be held by Equitable upon its guarantee to pay to the assured's widow — the present judgment debtor — during her lifetime interest thereupon at the annual rate of 3% with such additional interest as may be earned and apportioned by Equitable. The payment of the guaranteed interest on the fund thus created is subject to the provision that on " interest due dates " the assured's widow " may elect to withdraw * * * all of the amount then remaining on deposit with the Society or any part thereof but no partial withdrawal may be made for

less than ONE HUNDRED DOLLARS.'' The policy and a certificate of deposit issued by Equitable also provide that — '' In accordance with written request it is hereby agreed, except so far as may be contrary to the laws of any state having jurisdiction in the premises that a beneficiary hereunder shall have no right to assign, transfer, hypothecate, encumber, commute or anticipate such beneficiary's interest in any benefits or payments under this beneficiary provision unless otherwise provided therein and that all benefits and payments under this beneficiary provision shall not in any way be subject to any legal process to levy upon or attach the same for payment of any claim against any beneficiary.''

The judgment creditor has thus far successfully maintained that the right given to the judgment debtor by the insurance contract mentioned above — viz., the right on any interest date to withdraw the entire fund then remaining on deposit with Equitable — created an indebtedness by Equitable to the judgment debtor sufficient in amount and legally available to satisfy the judgment creditor's demand in this proceeding for payment of the amount due from the judgment debtor.

The insurance plan made by the assured and assumed by Equitable as an obligation — which, among other provisions, permitted the judgment debtor as a beneficiary to withdraw the entire fund or any part thereof on any interest date — has been viewed judicially in this proceeding as creating between Equitable and the beneficiary the relationship of debtor and creditor which gave to the beneficiary such a measure of control over the fund as to make it subject in law to seizure by the judgment creditor.

Our conclusion is that the ruling which led to the order we now review thwarts the legislative purpose expressed in section 15 of the Personal Property Law. That statute provides in part that '' * * * when the proceeds of a life insurance policy, becoming a claim by death of the insured, are left with the insurance company under a trust or other agreement, the benefits accruing thereunder after the death of the insured shall not be transferable, nor subject to commutation or incumbrance, nor to legal process except in an action to recover for necessaries, if the parties to the trust or other agreement so agree.''

In applying that statute to our present problem we must give to the exemption it creates a meaning consistent with the policy behind it. (*Surace* v. *Danna*, 248 N. Y. 18, 21.) The enactment (L. 1911, ch. 327) antedated both the judgment which is the basis of the present claim by the judgment creditor, and the policy of life insurance which was productive of the fund which the judgment creditor is endeavoring to reach by this proceeding. As a statutory declaration of public policy the statute " * * * is a clear and unambiguous statement of the purpose of the Legislature to exempt from legal process, except in an action to recover for necessaries, the benefits accruing after the death of the insured under a trust or other agreement relating to the proceeds of a life insurance policy left with the insurance company where the parties to the trust or other agreement agree that such benefits shall be so exempt." (*Crossman Co.* v. *Rauch*, 263 N. Y. 264, 271.)

The debt which the judgment creditor would collect by this proceeding was not incurred for " necessaries." We have also seen that the portion, here in suit, of the proceeds of the life insurance policy of which the judgment debtor is a beneficiary, was left with the insurance company under an agreement by the parties that any benefits and payments thereunder shall not be subject to legal process as a means to levy upon or attach the same for payment of any claim against a beneficiary. In those circumstances, and recognizing again that section 15 of the Personal Property Law " * * * should be liberally construed in order to effectuate the humane purpose embodied in the statute " (*Crossman Co.* v. *Rauch, supra,* p. 271), we conclude that the right accorded to the judgment debtor under the insurance contract — the right on any interest date to withdraw all or any part of the amount then remaining on deposit with the insurer — is within the protective provisions of the statute as one of the " benefits accruing " to her under the policy of insurance issued by Equitable upon her husband's life.

In reaching that conclusion we have not overlooked *Ullman* v. *Cameron* (186 N. Y. 339) and *Amberg* v. *Manhattan Life Ins. Co.* (171 N. Y. 314). Each of those cases was decided prior to the effective date of chapter 327 of the Laws of 1911 which amended section 15 of the Personal Property Law by adding

those exemptive provisions quoted above which served to change the public policy of this State and are, we think, determinative of this proceeding.

The orders should be reversed and the proceeding dismissed, with costs to the appellant in all courts. [See 295 N. Y. 962.]

LOUGHRAN, Ch. J., CONWAY, DESMOND, THACHER and MEDALIE, JJ., concur; DYE, J., taking no part.

Orders reversed, etc.