**In the Matter of Beverly J. MORRISSEY and William E. Morrissey, Bankrupts.**

**Nos. 74–B–489, 74–B–490.**

United States District Court, E. D. New York.

April 10, 1975.

---

H. Stuart Klopper, Jamaica, N. Y., by Raymond Hagan, Jamaica, N. Y., of counsel, for bankrupts.

Joel Paul Berger, pro se.

JUDD, District Judge.

### MEMORANDUM AND ORDER

This is an appeal from an order of a Bankruptcy Judge that the purchaser of real estate at a bankruptcy sale shall obtain nothing by his purchase unless he pays an additional $10,900 to the bankrupts. It appears that the order to show cause initiating the proceeding, obtained by the bankrupts, was not served on the Trustee in Bankruptcy, who has received $3,200 as the proceeds of sale. This sum now appears to be subject to conflicting claims of (a) the creditors, (b) the bankrupts (on account of their statutory exemptions), and (c) the purchaser (as payment for the property or as reimbursement if his bid was made in error).

Although the attorney for the bankrupts asserted his workmen's compensation exemption at the time of the sale, the bankruptcy court then made no decision on the validity of the claim, which would seem to have been an important factor in enabling bidders to know what they were buying.

It is true as a general principle that a bankrupt is entitled to the exemptions authorized under state law. 11 U.S.C. § 24; 1 Collier, Bankruptcy Manual, ¶ 6.00 at 118 (2d ed. revised 1974). Section 33 of the New York State Workmen's Compensation Law, McKinney's Consol.Laws, c. 67, provides that

> Compensation or benefits due under this chapter . . . shall be exempt from all claims of creditors and from levy, execution and attachment or other remedy for recovery or collection of a debt, which exemption may not be waived.

In Surace v. Danna, 248 N.Y. 18, 161 N.E. 315 (1928), Chief Judge Cardozo rejected any interpretation of Section 33 which would limit the exemption authorized by the statute. Since the test of a trustee's powers is the right of a creditor to obtain a lien at the date of bankruptcy, 11 U.S.C. § 110(c), there is no

**1352**

reason why a bankruptcy court should not recognize the exemption for proceeds of a workmen's compensation award, if it is properly established.

 Title to the bankrupt's property vests in the trustee, "except insofar as it is to property which is held to be exempt." 11 U.S.C. § 110(a). It is for the bankruptcy court to determine whether property is exempt. When exempt and non-exempt property are indivisible, the trustee may be authorized to sell the property, reimbursing the bankrupt from the proceeds to the extent of his exemption. 1 Collier, *supra*, ¶ 6.09 at 132. That is not the way the bankruptcy court proceeded in this case, however.

 Although bankrupts may be entitled to exemption for workmen's compensation award funds spent on furniture, this amount should not be included in the exemption applied against the property, if the furniture is not part of the realty offered at the bankruptcy sale. Here there are no specific findings about the amount of workmen's compensation funds actually used in the purchase of the house, although the bankrupts' attorney indicated in oral argument that some of the money was spent on furnishings.

The statute requires that a trustee shall "set apart the bankrupts' exemptions allowed by law, if claimed, and report the items and estimated value thereof to the courts as soon as practicable after their appointment." 11 U.S.C. § 75(a)(6). The Bankruptcy Rules require that the report on exemptions be filed with the court no later than 15 days after the Trustee qualifies. Rule 403(b). There is no evidence that any such report was filed in these proceedings. The filing of such a report is particularly important in dealing with an indivisible asset like real property, part of which is claimed to be exempt and part not.

 While the fixing of an upset price in a judicial sale is discretionary, Manhattan Ry. Co. v. Central Hanover Bank & Trust Co., 99 F.2d 789, 792 (2d Cir. 1938), it is difficult to see how bidders can act intelligently in a sale like this without an upset price, or at least a statement of the amount of their bid which will represent the exemption of the bankrupt.

The sketchy record available in this court does not show whether the Bankruptcy Court complied with the statutory requirement for appointment of an appraiser, 11 U.S.C. § 110(f), or gave any reason for not doing so.

 It is not sufficient answer to assert that the purchaser was "an experienced and frequent purchaser at bankruptcy sales." The scope of bidding would be effectively circumscribed if the court sanctioned the notion that bankruptcy sales are primarily for those who are willing to buy "a pig in a poke." *Cf.* Empire State Development Co., Inc. v. Lambert, 11 N.Y.2d 913, 228 N.Y.S.2d 669 (1962). The long-range interests of creditors particularly require that all information which the court possesses be made available to prospective bidders.

 A bankruptcy sale of real property is a judicial sale and should be conducted on adequate notice, in order to obtain as many bids as possible, and pursuant to specific terms of sale to guide the bidders.

Consideration should also be given, on remand, to the question whether the bankrupts' bid of $3,100 should be accepted if the purchaser's bid was a futile gesture.

 In the absence of the Trustee, the court cannot decide the appeal finally on the merits.

It is ordered that the order appealed from be vacated and the proceeding be remanded to the Bankruptcy Court for re-consideration, on notice to the Bankruptcy Trustee.