**In re Eugene and Maureen SHERMAN, Debtors.**

**Bankruptcy No. 98–16439.**

United States Bankruptcy Court, N.D. New York.

Aug. 20, 1999.

O'Connor, O'Connor, Mayberger & First, P.C. (Cynthia A. Platt, of counsel), Albany, New York, for debtors.

Andrea E. Celli, Albany, New York, Chapter 13 Trustee.

### MEMORANDUM–DECISION AND ORDER

ROBERT E. LITTLEFIELD, Jr., Bankruptcy Judge.

The current controversy before the court is a matter of first impression involving a question of statutory interpretation. The court has jurisdiction over the parties and the subject matter of this core pro-

---

ceeding under 28 U.S.C. §§ 1334(b), 157(b)(1) and 157(b)(2)(B).

## FACTS

The following facts have been stipulated to by the parties:

1. Eugene and Maureen Sherman (the "Debtors") filed a voluntary petition for relief pursuant to Chapter 13 of the United States Bankruptcy Code with the United States Bankruptcy Court for the Northern District of New York in Albany on October 2, 1998.

2. The Debtors listed on schedule "A" of their Chapter 13 petition that they own a one family house with a value of $220,000.00. The Debtors also indicate theat [sic] the liens against the property total approximately $245,000.00. The one family house is the Debtors' residence located at 125 Whitehall Run, Averill Park, New York.

3. The Debtors also listed on schedule "A" of their Chapter 13 petition that the debtor Maureen Sherman has a one-quarter (¼) interest in a summer camp with her sisters. The interest is not a fee interest, but rather a ninety-nine (99) year lease. The camp is a "rough" camp with no potable water, no central heating system, no septic system, no cellar and is not winterized. The Debtors estimate the value of the camp at $15,000.00, with Ms. Sherman's one-quarter (¼) interest being worth $3,750.00.

4. The Debtors list the following assets and values on schedule "B" of their Chapter 13 petition:

| | |
|---|---|
| Cash | $   30.00 |
| Bank Accounts | $  200.00 |
| Household goods | $5,000.00 |
| Wearing apparel | $  450.00 |
| Misc. jewelry | $1,000.00 |
| Hobby Equip. | $  500.00 |
| Term Insurance Policies | No cash value |
| 1991 Ford Taurus | $4,000.00 |

5. The Debtors indicated on schedule "D" of their Chapter 13 petition that Doc's Garage holds a claim secured by a lien against their 1991 Ford Taurus in the amount of $3,000.00.

6. The Debtors claimed the following exemptions on schedule "C" of their Chapter 13 petition:

| PROPERTY | LAW PROVIDING EXEMPTION | VALUE OF CLAIMED EXEMPTION |
|---|---|---|
| 1 Family House | CPLR § 5206(a) | $20,000.00 |
| Bank Accounts | Debtor & Creditor Law § 283 | $    200.00 |
| Cash | Debtor & Creditor Law § 283 | $     30.00 |
| Hobby Equipment | CPLR § 5025(a)(5) | $    500.00 |
| Household Goods | CPLR § 5025(a)(5) | $ 5,000.00 |
| Misc. Jewelry | CPLR § 5025(a)(5) | $ 1,000.00 |
| Wearing Apparel | CPLR § 5025(a)(5) | $    450.00 |

7. The Debtors' proposed Chapter 13 Plan provides for a dividend to unsecured creditors of ten percent (10%). The Debtors' proposed Chapter 13 Plan also provides for monthly Plan payments as follows:

| | |
|---|---|
| Year 1 | $350.00/month |
| Year 2 | $400.00/month |
| Year 3 | $450.00/month |
| Year 4 | $500.00/month |
| Year 5 | $550.00/month |

The Debtors' proposed monthly Plan payments will provide a Plan base of $33,600.00.

8. The Debtors scheduled secured debt of $258,000.00 and unsecured debt of $14,529.00 in their Chapter 13 petition.

9. The bar date for claims was December 31, 1998. A claims' check reveals secured debt arrears of $39,980.67 and unsecured claims in the sum of $9,324.53.

10. The Trustee filed an objection to confirmation of the Debtors' Plan on the basis that the Debtors' Plan does not provide general unsecured creditors with at least as much as they would have received if the Debtors had filed a Chapter 7 liquidation proceeding as required pursuant to 11 U.S.C. § 1325(a)(4).

11. The Trustee also filed a notice of objection to the Debtors' claim of a combined cash and personal property exemptions of $7,180.00.

12. The Debtors may or may not have a basis to object to claims filed.

(Joint Stipulation of Facts ¶¶ 1–12.)

1. Section 283 of the New York Debtor and Creditor Law is entitled "Aggregate individual bankruptcy exemption for certain annuities and personal property" and states in part:

> 1. General application. The aggregate amount the debtor may exempt from the property of the estate for personal property exempt from application to the satisfaction of a money judgment under subdivision (a) of section fifty-two hundred five of the civil practice law and rules ... and shall not exceed five thousand dollars.
>
> 2. Contingent alternative bankruptcy exemption. Notwithstanding section two hundred eighty-two of this article, a debtor, who (a) does not elect, claim, or otherwise avail himself of an exemption described in section fifty-two hundred six of the civil practice law and rules; (b) utilizes to the fullest extent permitted by law as applied to said debtor's property, the exemptions referred to in subdivision one of this section which are subject to the five thousand dollar aggregate limit; and (c) does not reach such aggregate limit, may exempt cash in the amount by which five thousand dollars exceeds the aggregate of his exemptions referred to in subdivision one of this section or in the amount of two thousand five hundred dollars, whichever amount is less.

2. Section 5205 of the Civil Practice Law and Rules is entitled "Personal property exempt from application to the satisfaction of money judgments" and states in part:

> (a) Exemptions for personal property. The following personal property when owned by any person is exempt from application to the satisfaction of a money judgment except where the judgment is for the purchase price of the exempt property or was recovered by that person in such capacity:

## DISCUSSION

The narrow issue presented by the parties is whether New York State's personal property exemption of $5,000.00 pursuant to N.Y. Debtor & Creditor Law § 283(1) (McKinney 1990)[1] and N.Y.C.P.L.R. § 5205 (McKinney 1997)[2] may be "stacked" or doubled for debtors filing a joint petition. This question comes to the court via the Chapter 13 Trustee's objection to confirmation of the Debtors' Plan and objection to certain claimed exemptions[3] in the Debtors' schedules.

## OBJECTION TO EXEMPTIONS

There are seven individual areas of claimed exemptions contained at para-

> 1. all stoves kept for use in the judgment debtor's dwelling house and necessary fuel therefor for sixty days; one sewing machine with its appurtenances;
> 2. the family bible, family pictures, and school books used by the judgment debtor or in the family; and other books, not exceeding fifty dollars in value, kept and used as part of the family or judgment debtor's library;
> 3. a seat or pew occupied by the judgment debtor or the family in a place of public worship;
> 4. domestic animals with the necessary food for those animals for sixty days, provided that the total value of such animals and food does not exceed four hundred fifty dollars; all necessary food actually provided for the use of the judgment debtor or his family for sixty days;
> 5. all wearing apparel, household furniture, one mechanical, gas or electric refrigerator, one radio receiver, one television set, crockery, tableware and cooking utensils necessary for the judgment debtor and the family;
> 6. a wedding ring; a watch not exceeding thirty-five dollars in value; and
> 7. necessary working tools and implements, including those of a mechanic, farm machinery, team, professional instruments, furniture and library, not exceeding six hundred dollars in value, together with the necessary food for the team for sixty days, provided, however, that the articles specified in this paragraph are necessary to the carrying on of the judgment debtor's profession or calling.

3. The specific exemption objection by the Trustee is to a "Double Personal Prop. Exempt. of $10,000.00." (Trustee's Notice of Objection to Debtor(s) Claim of Exemption.)

graph 6 of the Joint Stipulation of Facts. The Trustee's objection focuses on:

1) the bank accounts and cash ($230.00)

2) the hobby equipment ($500.00)

3) the jewelry ($1,000.00)

4) the wearing apparel ($450.00)

■ The Trustee's objection to the cash and bank accounts is sustained. N.Y. Debtor & Creditor Law § 283(2)(a) prohibits exempting both cash and a homestead. *See supra* n. 1. The Debtors may exempt either the $230.00 cash or the $20,000 equity in their home. This court will assume the Debtors will select the $20,000 homestead.

Next, the Trustee objects to exemptions for the hobby equipment, wearing apparel and jewelry. The only apparent basis that the Trustee puts forth is that those "item values exceed the $5,000.00 maximum personal property exemption permitted under C.P.L.R. 5205(a) as limited by N.Y.Debt. & Cred.L. § 283(1)." (Mem. In Support of the Trustee's Obj. to Debtor's Claim of Personal Property Exemption In Excess of $5,000.00.) The basis that the Debtors put forth as authority to claim the above three exemptions is N.Y.C.P.L.R. § 5205(a)(5). *See supra* n. 2.

■ Before reaching the stacking issue, there must be a specific statutory basis for any exemption claimed by the Debtor. Based on the specific items exemptable in N.Y C.P.L.R. § 5205(a)(5), this court sees no authority for hobby equipment or jewelry. As such, the requested exemptions for hobby equipment in the amount of $500.00 and jewelry in the amount of $1,000.00 are both denied. Perhaps these items, if given more specificity, might more properly be declared exempt under different nomenclature, however, C.P.L.R. § 5205(a)(5) provides no relief for "hobby equipment" and/or "jewelry."

■ The question of the wearing apparel, however, does bring into focus the stacking issue. Clearly, C.P.L.R. § 5205(a)(5) provides for possible exemptions for both wearing apparel and household furnishings. The Debtors have utilized the $5,000.00 maximum allowed by N.Y. Debtor & Creditor Law § 283(1) with the household furnishings exemption. Thus, the $450.00 exemption for clothing will be permitted only if the Debtors' argument is correct, i.e. that each debtor receives a $5,000.00 "cap" and thus as aggregated there is a total of $10,000 that my be utilized.

The Second Circuit Court of Appeals has decided that as regards the $10,000 homestead exemption, stacking is allowed. *John T. Mather Memorial Hosp. of Port Jefferson, Inc. v. Pearl,* 723 F.2d 193 (2nd Cir.1983). The Circuit Court gave two primary reasons for its decision, stating:

This purpose is made plain by the language of § 282 which states that "an *individual* debtor domiciled in this state may exempt" (emphasis added) property exempt pursuant to § 5206, as well as by the legislative history of the opt-out statute . . .

*Id.* at 195 (quoting N.Y. Debtor & Creditor Law § 282).

The above snippet referring to "an *individual* debtor" applies equally to personalty under C.P.L.R. § 5205 as well as realty under C.P.L.R. § 5206. Thus, under the Second Circuit reasoning, the $5,000.00 personal property exemption is doubled as well. Additionally, this is augmented by the legislative history to the New York opt-out law which, as stated by Judge Hall, is hardly a model of precision. *In re Webb,* 29 B.R. 280, 283 (Bankr.E.D.N.Y. 1983). However, that legislative history of Article 10–A of the N.Y. Debtor & Creditor Law consists of a memorandum accompanying the bill which states in part:

. . . for a husband and wife filing jointly, in excess of $35,000.00 in real and personal property may be declared exempt under its provisions, not including spe-

cific entitlements." (N.Y.S Assembly Bill 11207–A, Legislative Memo, Hon. Roger J. Robach, 1982).

In endeavoring to interpret Assemblyman Robach's remarks, this court will assume that the Assemblyman's $35,000.00 figure was arrived at by taking the specific real and personalty exemptions, i.e. $10,000.00 homestead, $5,000.00 personalty, $2,400.00[4] vehicle and then doubling them in the case of joint debtors. This would yield a total of $34,800.00.[5] The phrase "not including specific entitlements" would then refer to N.Y. Debtor & Creditor Law § 282(2), (3) and § 3212 of the New York State Insurance Law. This interpretation would also be compatible with both Federal and New York policy of liberally interpreting exemption statutes in favor of debtors so that the fresh start philosophy of the Bankruptcy Code is met. *In re Miller*, 167 B.R. 782, 783 (Bankr.S.D.N.Y. 1994).

## OBJECTION TO CONFIRMATION

The Chapter 13 Trustee's objection to confirmation is sustained based on the court's exemption rationale, *supra*.[6]

The current plan before the court calls for a minimum distribution of ten percent to the unsecured creditors. According to the Joint Stipulation of Facts, $9,324.53 of unsecured claims have been filed. That would mean a minimum of $932.45 would have to be remitted to those creditors. However, in a Chapter 7 case, those same creditors would receive a higher distribution because of the nonexempt jewelry, hobby equipment and cash. Any amended plan must base a § 1325(a)(4) number on the court's exemption analysis as stated, *supra*.

In summary:

1) the Trustee's objection to the Debtors' jewelry, hobby equipment and cash is sustained;

2) the Trustee's objection to the wearing apparel is denied; and

3) the Trustee's objection to confirmation is sustained.

It is so ORDERED.

4. N.Y. Debtor & Creditor Law § 282 states as a permissible exemption:

   ... 1. Bankruptcy exemption of a motor vehicle. One motor vehicle not exceeding twenty-four hundred dollars in value above liens and encumbrances of the debtor.

5. This court cannot mathematically fathom Assemblyman Robach's $35,000.00 example with exact precision. The obvious answer would be to take the homestead of $10,000.00 and the personal bodily injury exemption of $7,500.00 and then double those to reach $35,000.00. This, however, does not account for any personalty unless this comes in under the Assemblyman's "in excess of" language. Obviously, it is much more common for debtors to have some personalty as opposed to a personal injury award.

6. The Chapter 13 Trustee's objection is premised upon § 1325(a)(4). However, based on the actual claims filed, the plan also fails feasibility as per § 1325(a)(6). The court assumes that any new plan will correct this flaw as well.