**In re William E. HUNT and Ernelle Hunt, Debtors.**

No. 800–80682–288.

United States Bankruptcy Court, E.D. New York.

July 13, 2000.

Neil H. Ackerman, Westbury, NY, trustee.

## MEMORANDUM AND ORDER DENYING MOTION FOR RELIEF FROM THE AUTOMATIC STAY BY NASSAU EDUCATORS FEDERAL CREDIT UNION

STAN BERNSTEIN, Bankruptcy Judge.

### I. Introduction

Nassau Educators Federal Credit Union (NEFCU) moved for relief from the automatic stay in order to exercise its right to set off part of its outstanding loan balance against deposits in debtors' share accounts under New York State Debtor and Creditor Law § 151 (N.Y.DCL). NEFCU placed a temporary administrative freeze on those share accounts, pending a disposition of the setoff issue. NEFCU asserts that a credit union may exercise a setoff right despite an account's otherwise exempt status. In opposition, co-debtors argue that the funds are exempt under §§ 13–312 and 13–375 of the New York City Administrative Code (N.Y.CAC) and NYDCL § 282. The co-debtors additionally requested sanctions in the form of attorney's fees and damages on grounds that NEFCU violated the automatic stay by placing an administrative freeze on the account in direct violation of NYCAC § 13–312, NYDCL § 282, and 11 U.S.C. § 362. In response, NEFCU argued that although NYCAC § 13–312 exempted pension funds from execution, levy, attachment, garnishment, or other legal process, the funds were not exempt from setoff, an equitable remedy that was not legal process. Hearings were held on April 18, and on June 6, 2000, and the parties were given an opportunity to submit supplemental memoranda. At the hearing held on June 6, 2000, debtors withdrew their application for sanctions against NEFCU in the form of attorneys' fees and damages.

### II. Facts

The facts are not in dispute. Co-debtor William E. Hunt is a retired New York State Fire Department fireman and receives a pension from the New York City Fire Department Pension Fund and other retirement benefits from the New York City Fire Department Variable Supplement Pension Plan. Co-debtor Ernelle Hunt is a retired New York State teacher who also receives a pension. The co-debtors cover their monthly expenses with distributions from their pension funds, which are now in "pay status." Those distributions are electronically transferred by the plan administrator to the depository share accounts at NEFCU. The co-debtors also have three outstanding loan balances owing to NEFCU. At the time the co-debtors filed their joint chapter 7 petition, their total of the loan balances was $9,043.46.

At issue is the sum of $7,384.96 that was directly deposited by the New York City Fire Department Variable Supplement Fund on December 15, 1999, into account number 3119002, on behalf of co-debtor William Hunt. On December 18, 1999, NEFCU placed an administrative freeze on the account. On January 28, 2000, co-debtors filed their joint chapter 7 petition.

At the hearing held on June 6, 2000, counsel for NEFCU represented that there was no contractual agreement between the co-debtors and NEFCU authorizing a setoff and that NEFCU's setoff remedy was solely a creature of state law under NYDCL § 151. In opposition and in furtherance of the argument that the monies were pension funds and were, therefore, exempt from setoff, the co-debtors submitted an Affidavit of Sam Smolowitz, the deputy director of the Pension Fund for the New York City Fire Department. The Affidavit states that the fund is a protected fund under NYCAC § 13–375

and that the amounts deposited into Mr. Hunt's account were comprised of funds drawn against the New York City Fire Department Variable Supplement Fund.[1] On the record, NEFCU represented that it had no basis for challenging the Affidavit.

### III. Discussion.

■ The issue before the Court is whether, as a matter of New York state law, NEFCU's claimed right of setoff under NYDCL § 151 is defeated by the exemption statutes contained in NYDCL § 282 and the New York City Administrative Code.

NEFCU argues that the exemptions from legal process are fundamentally different from exemptions from setoff. In support of its position, NEFCU relies on *Frazier v. Marine Midland Bank,* 702 F.Supp. 1000 (W.D.N.Y.1988), in which the bank contended that its setoff against an account containing Social Security benefits did not violate the anti-attachment provision of the Social Security Act (Act) since a bank's exercise of its right of setoff does not constitute the use of "execution, levy, attachment or other legal process." That court held that the bank's setoff did not violate the Act and found that a bank's use of its contractual setoff procedure to settle a depositor's indebtedness is not the type of "legal process" contemplated by the Act. The *Frazier* court found that a bank's right to setoff "grows out of the contractual relationship existing between the depositor and the bank that arises at the time

the depositor delivers and commits money to the bank's custody." In the *Frazier* case, the Social Security benefit funds were intermingled with funds from other sources and were not clearly monies paid or payable under the Act.

In this case, NEFCU admitted that it did not have a contractual right of setoff and solely relied on the state law. NEFCU additionally admitted, through its counsel, that it had no basis for challenging the Affidavit of the Fire Department which clearly identified the monies directly deposited into debtor's account as pension funds. As such, the rationale of *Frazier* is inapplicable to the facts of this case. The Court is not persuaded that NEFCU's labeling setoff as an equitable remedy resolves the issue of statutory construction of the applicable state laws.

NEFCU next argues that its right of setoff derived under NYDCL § 151 remains effective against exempt property. NEFCU relies on *Eggemeyer v. IRS,* 75 B.R. 20 (Bankr.S.D.Ill.1987) which held that the United States could offset debtor's tax refund against the debtor's tax liability notwithstanding debtor's listing of the refund as exempt property. In analyzing the interplay between 11 U.S.C. § 553 and § 542, the court found that § 553 enables a creditor which has a valid right of setoff to retain the property, regardless of its exempt status. NEFCU tries to apply the same *Eggemeyer* reasoning to this case and argues that NYDCL § 151 trumps NYDCL § 282 and NYCAC § 13–312.[2]

---

**1.** It is unclear whether the applicable exemption statute is NYCAC § 13–312, as stated by counsel for debtor in his Affirmation in Opposition, which provides for exemption from tax and legal process for Subchapter 1 Fire Department Pension Funds or NYCAC § 13–375, as represented by Sam Smolowitz, in his Affidavit, which provides for exemption from tax and legal process for Subchapter 2 Fire Department Pension Funds. It appears that under NYCAC § 13–312.1(b), on July 1, 1995, "all assets held by pension fund, subchapter one shall be transferred to pension fund, subchapter two, and shall be credited to the contingent reserve fund of pension fund, sub-

chapter two". Since both statutes similarly provide for exemption from taxes and that the funds shall not be subject to execution, garnishment, attachment or any other process, this Court will look to the overall intent of the exemption statute and will not distinguish whether the fund is governed by subchapter 1 or subchapter 2 or whether the funds were once subchapter 1 funds and were subsequently credited to the contingent reserve fund of pension fund, subchapter 2.

**2.** In interpreting the interplay between 11 U.S.C. § 522(c) and § 553(a), the majority rule appears to be that exempt property is not

The Second Circuit has held that offset is ultimately a matter of equitable discretion of the bankruptcy court. *In re Gribben v. United States*, 158 B.R. 920 (S.D.N.Y.1993) *citing Bohack Corp. v. Borden, Inc.*, 599 F.2d 1160, 1165 (2d Cir.1979) ("Allowance or disallowance of a setoff is a decision which ultimately rests in the sound discretion of the bankruptcy court."); *Posey v. United States*, 156 B.R. 910, 915 (W.D.N.Y.1993) ("Although setoff is a preferred remedy in the Second Circuit, it must be used permissively rather than mandatorily.")[3] Section 553 of the Bankruptcy Code does not create a right of setoff, but rather preserves whatever right exists under applicable non-bankruptcy law. In determining whether a right of setoff is permitted, the bankruptcy court must analyze the applicable state law and determine whether a setoff would be permitted. *See, e.g., In re Glaze*, 169 B.R. 956 (Bankr.D.Ariz.1994). New York has codified the right to setoff in NYDCL § 151. The legislative history to both NYDCL § 151 and the New York exemption statutes are however, silent as to the priority of a creditor's right to set off over a debtor's right to claim an exemption in clearly identified pension funds. As such, the Court needs to consider the policies underlying New York's exemption statutes.

In 1982, New York State opted-out of the federal scheme of exemptions listed in 11 U.S.C. § 522 by providing for personal bankruptcy exemptions in Article 10A (§§ 282–284) of the Debtor and Creditor Law. Section 282 of the New York Debtor Creditor Law creates a bankruptcy exemption for the right to receive benefits in pension payments. More specifically, § 13–312 and § 13–375 of the New York City Administrative Code provides in pertinent part that pension payments are "exempt from any state or municipal tax, and shall not be subject to execution, garnishment, attachment or any other process whatsoever."

Under both New York and federal law, exemption statutes are liberally interpreted in favor of debtors so that the debtor retains certain minimum assets free of execution by creditors or their representative, the Bankruptcy trustee. *See also, In re Miller*, 167 B.R. 782 (Bankr.S.D.N.Y. 1994); *In re Sherman*, 237 B.R. 551 (Bankr.N.D.N.Y.1999); *Billings v. Lynch*, 161 Misc. 496, 292 N.Y.S. 344 (N.Y.Co.Ct. 1937).

The New York state exemption is not limited to the pension monies before payment but protects money collected by the pensioner. 59 N.Y.Jur.2d Exemptions § 32 (1987). The New York State courts have interpreted exemption statutes governing proceeds of a life insurance policy, worker's compensation awards, and pensions granted by the United States for military service, all of which contain language similar to that contained in the New York City Administrative Code. In each of the cases, the courts found that statutes of this character are to be liberally construed with the view of promoting the objects of the legislation.

In one of the oldest cases interpreting proceeds of exempt property, the New

---

subject to setoff. *See In re Jones*, 230 B.R. 875 (M.D.Ala.1999) (Income tax refund which debtor claimed as exempt without objection by IRS was not subject to setoff against dischargeable prepetition tax debts) *citing In re Wilde*, 85 B.R. 147 (Bankr.D.N.M.1988); *In re Monteith*, 23 B.R. 601 (Bankr.N.D.Ohio 1982); *In re Cole*, 104 B.R. 736 (Bankr.D.Md. 1989); *In re Haffner*, 12 B.R. 371 (Bankr. M.D.Tenn.1981). However, in many of the cases, property of the estate was exempted under § 522(b) (income tax refunds) and the court did not interpret state law exemptions.

3. It must be noted that both *In re Gribben v. United States*, 158 B.R. 920 (S.D.N.Y.1993) and *Posey v. United States*, 156 B.R. 910, 915 (W.D.N.Y.1993) concerned the right of the IRS to set off against debtor's tax liability and interpreted the conflict between 11 U.S.C. § 522(c) and § 553(a) and did not turn on an interpretation of NYDCL § 151 because no state law remedy was implicated.

York State Court of Appeals in *Yates County Nat. Bank v. Carpenter*, 119 N.Y. 550, 23 N.E. 1108 (1890) found that the home of a former United States soldier, purchased with the proceeds of a pension granted by the United States for military service, was exempt from execution. Section 1393 of the Code of Civil Procedure provided that a pension granted by the United States for military services is "also exempt from levy and sale by virtue of an execution, and from seizure for non-payment of taxes, or in any other legal proceeding." In extending the scope of the exemption to property purchased with the proceeds of pension payments, the court found that when the receipts from a pension can be directly traced to the purchase of property necessary or convenient for the support and maintenance of the pensioner and his family, that property is exempt under the provisions of the statute. *See also In re Williams*, 171 B.R. 451 (D.N.H.1994) in which the court found that an automobile purchased with money directly traceable to his workers' compensation benefits was exempt from the claims of creditors under state law. The court acknowledged that the New Hampshire workers' compensation legislation which provided that "*** any claim for compensation shall be exempt from all claims of creditors ***" was to be construed liberally in favor of the injured employee.

In *Surace v. Danna*, 248 N.Y. 18, 161 N.E. 315 (1928), the issue before the court was whether a compensation award paid under the terms of the Workmen's Compensation Act to a judgment debtor, which was thereafter deposited into debtor's account with a trust company, was exempt from process. Workmen's Compensation Law § 33 provided that benefits due "shall be exempt from all claims of creditors and from levy, execution and attachment or other remedy for recovery or collection of a debt, which exemption may not be waived." The judgment creditor argued that once the compensation award was paid, the monies became subject to seizure. In an opinion written by Justice

Cardozo, the court found that such a narrow construction thwarts the purpose of the statute and that "such an exemption can produce no beneficial effect, unless it is extended beyond the letter of the act, and given life and force, according to its evident spirit and meaning." *Supra*, at 24, 161 N.E. 315. In *Surace*, the court found that *Yates* supplied the applicable rule and then looked beyond the literal meaning of the word and discerned the purpose and policy underlying the statute and gave the words a meaning which served, rather than defeated, the ends intended by the legislature. *See also Burdick v. Afrimet–Indussa Inc.*, 138 Misc.2d 598, 525 N.Y.S.2d 542 (Supr.Ct.Onondaga Co.1988) *citing Surace v. Danna*, 248 N.Y. 18, 161 N.E. 315.

In *Genesee Valley Trust Co. v. Glazer*, 295 N.Y. 219, 66 N.E.2d 169 (1946), the New York State Court of Appeals was asked to determine whether a life insurance company could be directed to pay to a judgment creditor the proceeds of a life insurance policy payable to the judgment debtor. The policy provided that "all benefits and payments under this beneficiary provision shall not in any way be subject to any legal process to levy upon or attach the same for payment of any claim against any beneficiary." Similarly, section 15 of the Personal Property Law provided that the proceeds of a life insurance policy "*** shall not be subject to legal process except in an action to recover for necessaries, if the parties to the trust or other agreement so agree." The court found that the exemption statute was a clear and unambiguous statement of the purpose of the legislature to exempt from legal process, except in an action to recover for necessaries, the benefits accruing after the death of the insured. The court recognized that the exemption statute should be liberally construed in order to effectuate the humane purpose embodied in the statute and held that the proceeds of the life insurance policy were exempt and were "within the protective provisions of the statute as one

of the 'benefits accruing' to her under the policy."

New York State Courts have consistently followed *Surace* in allowing judgment debtors to claim exemptions in proceeds of exempt property. *See Joseph v. Giacalone,* 224 A.D.2d 391, 637 N.Y.S.2d 771 (2d Dept.1996); *Colonial Discount Co., Inc. v. Wilhelm,* 40 N.Y.S.2d 298 (City Court of NY, N.Y. Co.1943).

In this case, both parties join in the assumption that, but for the statutory remedy of setoff, the source of the deposits is determinative. Since these were pension funds, both parties further assume that the exempt status of the pension funds continues after the distribution and deposit are made. A liberal reading of the exemption statutes leads to the conclusion that the New York State legislature intended to exempt the proceeds of pension funds from "any other process" including setoff. To hold otherwise and find that a creditor could exercise a right of setoff against exempt property would reduce the New York State exemption for pension funds contained in NYDCL § 282 and NYCAC § 13–312 and § 13–375 to a nullity and would create a windfall to NEFCU, an otherwise unsecured creditor.[4]

### V. Conclusion

For these reasons, the Court denies the motion by NEFCU for relief from the automatic stay. NEFCU is ordered to remove the administrative freeze placed on account number 3119002 and permit the co-debtors to withdraw any funds on deposit.

So Ordered.

---

4. No New York State Court has resolved the tensions among these specific statutes, and so this Court is reluctant to decide important issues of state law as a matter of first impression. Nevertheless, the Court has no ability to certify open issues of state law to the New York State Court of Appeals.