**In re Gregory Alan GAGNE, Debtor.**

**In re Michael Sean VANKIRK, Debtor.**

**Bankruptcy Nos. 4–93–5177, 4–93–6047.**

United States Bankruptcy Court,
D. Minnesota.

Feb. 3, 1994.

**820**

Stephen J. Beseres, New Hope, MN, for Michael Sean VanKirk.

Michael B. LeBaron, Larkin, Hoffman, Daly & Lindgren, Ltd., Bloomington, MN, for Gregory Alan Gagne.

## MEMORANDUM ORDER DENYING EXEMPTION

NANCY C. DREHER, Bankruptcy Judge.

*In re Gagne* came on for hearing before the undersigned on the 1st day of December, 1993, and *In re VanKirk* came on for hearing before the undersigned on the 29th day of December, 1993, both on the trustee's objection to claimed exempt property. Appearances were as follows: Julia Christians as and for the trustee ("trustee") in both matters; Michael LeBaron for the debtor Greg Gagne ("Gagne"); and Stephen Beseres for the debtor Michael VanKirk ("VanKirk") (collectively "the debtors").

Both matters involve precisely the same issue: whether the proceeds from a lump sum workers' compensation settlement are exempt under Minnesota law. As such, I will rule on both matters at the same time.

### FACTS

Gagne was employed by Minneapolis Boxing and Wrestling ("MBW") as a professional wrestler, promoter and salesman. During his employment, Gagne suffered various injuries, and as a result, filed a workers' compensation claim. On May 26, 1993, Gagne entered into a Stipulation of Settlement with MBW in the amount of $100,000. Gagne

deposited this amount into his wife's checking account[1] and subsequently used a portion of the proceeds to pay for general household expenses. At this time, Gagne had no separate checking or savings account and all of his wages were being deposited in his wife's accounts. On September 7, 1993, Gagne filed a petition for relief under chapter 7 of the Bankruptcy Code. On his Amended Schedule C, Gagne claimed $100,-000, the amount of his workers' compensation payment, exempt under Minnesota Statutes § 550.37, subdivisions 22 and 24, and Minnesota Statutes § 176.175.

VanKirk was also injured in the course of his employment. In October of 1993, VanKirk received $20,000 from a workers' compensation settlement. VanKirk spent approximately $8,000 of the proceeds to cure a mortgage deficiency and to make repairs at home. On October 22, 1993, VanKirk filed a petition for relief under chapter 7 of the Code. On his Schedule C, VanKirk claimed $11,157, the remaining amount of the workers' compensation settlement proceeds, as exempt under Minnesota Statutes § 176.175.

The trustee objected to the claimed exemptions, arguing that proceeds from a workers' compensation settlement are not exempt under Minnesota law. This is a question of first impression. For the reasons set forth below, I hold that the lump sum proceeds from a workers' compensation settlement received by the debtor pre-petition are not exempt under any of the asserted statutory bases. The trustee's objection is, therefore, sustained.

### DISCUSSION

A. *Minn.Stat. § 176.175*

The Minnesota Workers' Compensation Act ("the Act"), codified at chapter 176 of the Minnesota statutes, provides that workers' compensation benefits may be commuted to lump sum payments. *See* Minn.Stat. § 176.-165 (1993). The Act also contains an exemption provision that states:

---

**1.** The trustee argues that this transfer precludes Gagne from claiming an exemption pursuant to § 522(g) of the Code. The parties dispute whether a transfer actually took place, and whether

§ 522(g) is applicable. The transfer issue is not before me. I need not reach the § 522(g) issue since I have determined that the assets in question are not exempt.

**Subdivision 1. Preferred Claim.** The right to compensation and all compensation awarded any injured employee or for death claims to dependents have the same preference against the assets of the employer as unpaid wages for labor. This compensation does not become a lien on the property of third persons by reason of this preference.

**Subd. 2. Nonassignability.** No claim for compensation owned by an injured employee or dependents is assignable. Except as otherwise provided in this chapter, *any claim for compensation owned by an injured employee or dependents is exempt from seizure or sale for the payment of any debt or liability.*

Minn.Stat. § 176.175 (1993) (emphasis added). Prior to 1983, the Act was to be liberally construed. In 1983, however, the legislature repealed this provision and specifically provided that the Act is to be strictly construed. "The legislature hereby declares that the workers' compensation laws are not remedial in any sense and are not to be given a broad liberal construction...." Minn.Stat. § 176.001 (1993).

In the present case, the issue is not whether workers' compensation benefits are exempt, for subdivision 2 clearly confers some degree of exemption on such benefits. Instead, the narrow issue is whether settlement proceeds arising from a workers' compensation claim are exempt once the proceeds are in the possession of the intended beneficiary. The trustee maintains they are not. The trustee focuses on the phrase "any claim for compensation ... is exempt", and draws a distinction between a *claim to compensation* and *compensation proceeds actually received* by the injured employee. Only the former, according to her, is exempt.

The debtors contend that such a distinction is nonsensical. According to the debtors, a "claim for compensation" is a broad term that encompasses both the expectation of payment and its receipt. Therefore, according to the debtors, the settlement proceeds are just a part of the claim. The claim, they

contend, does not change its character simply because it is liquidated. The debtors also maintain that there is no sound reason why workers' compensation benefits should change their exempt status merely because the injured employee is in actual possession of the proceeds.

■ The starting point for resolving this issue is the language of the statute itself. *United States v. Ron Pair Enters., Inc.,* 489 U.S. 235, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989). A statute is to be construed as a whole so as to harmonize and give effect to all its parts. If possible, it is to be construed so that no word, phrase, or sentence will be superfluous, void, or insufficient. *Hurst v. Town of Martinsburg,* 80 Minn. 40, 43, 82 N.W. 1099 (1900). In construing statutes, the canons of interpretation are to govern unless their observance would involve a construction inconsistent with the manifest intent of the legislature or would be repugnant to the context of the statute. *Governmental Research Bureau, Inc. v. St. Louis County,* 258 Minn. 350, 353–54, 104 N.W.2d 411 (Minn.1960). Accordingly, it must be ascertained what the legislature intended by the phrase "claim for compensation."

■ A "claim" is defined as a "means by or through which a claimant obtains possession or enjoyment of privilege or thing. [A] demand for money or property." Black's Law Dictionary 224 (5th ed. 1979).[2] Applying this definition to the present facts, the "privilege or thing" was the compensation the debtors were entitled to as a result of their work-related injuries. The means by which they obtained possession of the compensation was by asserting a right to payment against their employers in accordance with the Act. These assertions were the debtors' claims. The debtors satisfied their claims by receiving lump sum settlements. Therefore, once the debtors received the settlement proceeds, they no longer had a "demand for money or property." They had the property itself. Since the debtors did not have claims when they filed their petitions

**2.** While federal law does not control the interpretation of state statutes, it is interesting to note that the Bankruptcy Code defines "claim" in terms of a "right to payment," not in terms of the payment itself.

for relief, they are not entitled to an exemption under Minn.Stat. § 176.175(2).

This conclusion is supported by the plain language of the entire section. Subdivision 1 employs the use of both the phrases "right to compensation" and "compensation awarded." Subdivision 2, however, only contains the phrase "claim for compensation." This indicates that the legislature knew how to distinguish, and in fact intended to distinguish, between the right to payment and the actual payment of workers' compensation benefits.

The notion that the right to workers' compensation benefits is exempt, but the received benefits are not, makes good sense. Exempting the right to payment prevents the employee from assigning payable compensation and insures its receipt by the injured employee. *In re Bonzey*, 153 B.R. 105, 107–08 (Bankr.D.R.I.1993). Reported cases have recognized this distinction based upon other states' workers' compensation statutes that involve language that is similar or identical to the Minnesota statute.[3]

For example, in *In re Bonzey*, the debtor received a lump sum payment for her work-related injuries. The workers' compensation statute provided: "[n]o claims or payments due for compensation ... shall be assignable, or subject to attachment." In holding that the lump sum payment was not exempt, the court relied on the plain language of the statute, and noted that the legislature drew a distinction between claims held during the period before the claims are actually paid, and the proceeds of the settlement. *Bonzey*, 153 B.R. at 107. The court was also persuaded, as am I, by the following justification as to why workers' compensation proceeds are not exempt:

> Compensation and benefits which are due are not merely made free from claims of all kinds; the workman himself is forbidden to assign them or to waive his exemp-

tion from execution. We would have to go to extraordinary lengths before we could hold that the statute purposes [sic] to prevent any one from assigning compensation after it has been paid to him. How could an injured workman support himself, if he were prohibited from assigning his own money and if his creditors could not compel him to pay what he owes them?

> \*   \*   \*   \*   \*   \*

> The agent, public or private, who makes the disbursement shall not be harassed or obstructed by the imposition of a duty to determine at his peril the validity of assignments, third party orders, executions or any kind of document purporting to constitute legal process. He is not to be turned into a stakeholder, but is to be a disbursing agent, and nothing else. After his function as such has been discharged, the beneficiary may do with his compensation as he wills. The money belongs to him and in the absence of a clear statute of exemption, it is, like other property, subject to execution.

*Surace v. Danna*, 248 N.Y. 18, 161 N.E. 315, 317–18 (1928) (O'Brien, J., dissenting) (reprinted in *Bonzey*, 153 B.R. at 108–09).

Likewise, *Lasich v. Wickstrom (In re Wickstrom)*, 113 B.R. 339, 344–45 (Bankr. W.D.Mich.1990), interpreted a statute that grants an exemption for "any moneys or other benefits paid, provided, or allowed to be paid ... on account of the disability due to injury or sickness." The court reasoned that this exemption was to prevent creditors from reaching payments before they were received by the payee, but that the exemption did not extend to funds upon receipt. *Id.* at 344. *See also Martin v. Lamb*, 228 Mich. 396, 200 N.W. 160, 161 (1924) (holding that statute providing "no payment under this act shall be assignable or subject to attachment or garnishment" did not extend

---

3. Some courts rule otherwise finding workers' compensation settlement proceeds exempt. *See In re Fraley*, 148 B.R. 635, 637 (Bankr.M.D.Fla. 1992) (allowing exemption under a statute that provided: "[n]o assignment, release, or commutation of compensation or benefits due or payable ... shall be valid, and such compensation and benefits shall be exempt from all claims of creditors."); *Waldman v. Nolen (In re Nolen)*, 65

B.R. 1014, 1018 (Bankr.D.N.M.1986) (holding that checking account, consisting of proceeds of workers' compensation benefits, was exempt under statute providing that "compensation benefits shall be exempt...."); *In re Thompson*, 4 B.R. 18, 20 (Bankr.D.Maine 1979) (allowing exemption under statute providing that "no claims for compensation under this Act shall be assignable or subject to attachment.").

the exemption beyond the receipt of money.); *Panuska v. Johnson (In re Johnson)*, 80 B.R. 953, 962 n. 12 (Bankr.D.Minn.1987) (suggesting, in dicta, that a pre-petition workers' compensation award would be non-exemptible under state law).

While no reported decisions address this issue under Minnesota law, the debtors cite *Senske v. Fairmont & Waseca Canning Co.*, 232 Minn. 350, 45 N.W.2d 640 (1951) for support. The debtors allege that lump sum payments are no different than periodic payments, and rely on *Senske* which stated that compensation settlements "are compatible with the public welfare . . . and should not be viewed with a jaundiced eye." *Id.* 45 N.W.2d at 648. In response, the trustee points to the language stating that a "lump-sum settlement becomes then by indirection a device for circumventing the express provisions of [the former exemption statute] which state that claims for compensation owned by an injured employee shall not be assignable and shall be exempt from seizure." *Id.* at 649. This latter language implicitly suggests that the *Senske* court concluded that lump sum payments received by the worker were not exempt from attachment by creditors.

Accordingly, the debtors' settlement proceeds are not exempt under Minn.Stat. § 176.175(2).

### B. *Minn.Stat. § 550.37, subd. 22*

██ The debtors next contend that the proceeds are exempt under Minnesota's general exemption statute, Minn.Stat. § 550.37, subdivision 22, which exempts "rights of action for injuries to the person of the debtor or of a relative whether or not resulting in death." Minn.Stat. § 550.37, subd. 22 (1993). This subsection is to be construed broadly in favor of the debtor. *In re Carlson*, 40 B.R. 746, 749 (Bankr.D.Minn.1984). In order for the settlement proceeds to be exempt under this subsection, they must be: (1) "rights of action" as contemplated by the statute; and (2) payments for "injuries to the persons."

██ In the present case, the proceeds are not rights of action as contemplated by the first element. A "right of action" is defined as "the right to bring suit; [it] pertains to

remedy and relief through judicial procedure." Black's Law Dictionary 1190 (5th ed. 1979); *In re Ezaki*, 140 B.R. 747, 750 (Bankr. D.Minn.1992); *In re Bailey*, 84 B.R. 608, 610 & n. 1 (Bankr.D.Minn.1988); *see also Carlson*, 40 B.R. at 748–50 (implicitly construing the statute to cover only pending rights of action); *In re Medill*, 119 B.R. 685, 687 (Bankr.D.Minn.1990) (noting that disputed, unliquidated claims for damages fell squarely within the ambit of subdivision 22). Here, the debtors' proceeds do not constitute a right of action. Certainly, the debtors had a right of action against their employers when they were injured and were entitled to assert workers' compensation claims. Yet, they no longer have a claim for compensation. Instead, they have the proceeds arising out of the settlement.

Secondly, its is questionable whether this is the type of claim the legislature intended to cover as a payment for injury to a person. The legislature already included a workers' compensation exemption provision in the Act. Further, while an injury to the person is surely involved, a workers' compensation claim is not a typical personal injury tort action. Workers' compensation "is social legislation, providing a measure of security to workers injured on the job, with the burden of that expense considered a proportionate part of the expense of production." *Franke v. Fabcon, Inc.*, 509 N.W.2d 373 (Minn.1993); *see also Ezaki*, 140 B.R. at 751–52 (holding that restitution payments under Civil Liberties Act were not payments "for injury to the person").

Accordingly, the debtors' settlement proceeds are not exempt under Minn.Stat. § 550.37, subd. 22.

### C. *Minn.Stat. § 550.37, subd. 24*

██ Finally, the debtors contend that the settlement proceeds are exempt under Minn. Stat. § 550.37, subdivision 24(2), which states:

> The debtor's right to receive present or future payments, or payments received by the debtor, under a stock bonus, pension, profit sharing, annuity, individual retirement account, individual retirement annuity, simplified employee pension, *or similar*

*plan or contract* on account of illness, disability, death, age, or length of service: (1) to the extent the *plan or contract* is described in section 401(a), 403, 408, or 457 of the Internal Revenue Code of 1986, as amended, or payments under the plan or contract are or will be rolled over as provided in section 402(a)(5), 403(b)(8), or 408(d)(3) of the Internal Revenue Code of 1986, as amended; or (2) to the extent of the debtor's aggregate interest under *all plans and contracts* up to the present value of $30,000 and additional amounts under all the plans and contracts to the extent reasonably necessary for the support of the debtor and any spouse or dependant of the debtor.

Minn.Stat. § 550.37, subd. 24 (1993) (emphasis added).

Paragraph (1) clearly has no application to these payments, for workers' compensation benefits are not paid pursuant to ERISA tax qualified retirement plans. In order for the proceeds to qualify as exempt under paragraph (2), the proceeds must meet three of four requirements: (1) the debtors must be entitled to the proceeds under one of the enumerated plans, or a "similar plan or contract"; (2) the debtors' right to receive the proceeds must have been on account of illness, disability, death, age, or length of service; (3) the debtors' aggregate interest under all such plans must have a present value of no more than $30,000; and (4) to the extent that the present value of all such interests exceeds $30,000, the additional amounts must be reasonably necessary for the support of the debtor and any spouse or dependant of the debtor. *In re Gagne,* BKY 4–93–4509, 1993 WL 639305 (Bankr.D.Minn. Nov. 1, 1993).

If any of these elements are lacking, the debtor is not entitled to an exemption.

Here, the first element is lacking since the debtors are not entitled to the proceeds under "a similar plan or contract."[4]

The language of subdivision 24 provides for the exemption of retirement benefits or similar retirement plans that arise out of an employment relationship. Unlike the enumerated plans and contracts, workers' compensation benefits do not arise out of a contractual provision relating to employment. Rather, such benefits are statutorily mandated. Although it is tangentially related to employment because it protects against financial disaster resulting from injuries in the workplace, its is not related to retirement or employment benefits plans or contracts. Instead it is social legislation. As such, workers' compensation benefits are not a "similar plan or contract," and the debtors are not entitled to an exemption under Minn.Stat. § 550.37, subdivision 24.

## CONCLUSION

The workers' compensation settlement proceeds are not exempt under Minnesota law.

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

1. Gagne's claimed exemption of workers' compensation settlement proceeds is DENIED; and

2. VanKirk's claimed exemption of workers' compensation settlement proceeds is DENIED.

---

4. There are no reported cases addressing whether workers' compensation benefits fall within the reach of subdivision 24. There are, however, a number of cases addressing whether an annuity purchased outside the scope of employment is exempt. *See, e.g., In re Raymond,* 71 B.R. 628 (Bankr.D.Minn.1987); *In re Gagne,* BKY 4–93–4509 (Bankr.D.Minn. Nov. 1, 1993); *In re Gaalswyk,* BKY 3–86–2674 (Bankr.D.Minn. Apr. 25, 1988); *In re Voehl,* BKY 3–87–389 (Bankr.

D.Minn. Oct. 13, 1987). Since the statute provides for the exemption of an annuity, the key issue in these cases was whether the annuity "derived from an employment relationship or from self-employment." *Raymond,* 71 B.R. at 630. The situation here presents the exact opposite situation. It is obvious that the workers' compensation proceeds derived from an employment relationship. Less clear is whether it is of the type of compensation intended to be covered.