In re Gregory Allan **GAGNE**,
Debtor, Appellant,

v.

Julia A. **CHRISTIANS**, Trustee, Appellee.

In re Michael Sean **VanKIRK**,
Debtor, Appellant,

v.

Julia A. **CHRISTIANS**, Trustee, Appellee.

Civ. Nos. 3–94–625, 3–94–506.

United States District Court,
D. Minnesota,
Third Division.

Sept. 12, 1994.

Michael B. LeBaron and Vilis R. Inde, for appellant Gregory Allen Gagne.

Stephen J. Beseres, for appellant Michael Sean VanKirk.

Julia A. Christians, Trustee, appellee.

## MEMORANDUM OPINION AND ORDER

DAVIS, District Judge.

This matter is before the court upon Appellants' appeal from Bankruptcy Judge Nancy C. Dreher's Order dated February 3, 1994. *In re Gagne and VanKirk,* 163 B.R. 819 (Bankr.D.Minn.1994). This court has jurisdiction pursuant to 28 U.S.C. § 158(a). On appeal to the district court, the bankruptcy court's legal conclusions are subject to *de novo* review. *In re Apex Oil,* 884 F.2d 343 (8th Cir.1989). The bankruptcy court's findings of fact are subject to a clearly erroneous standard of review. Bankruptcy Rule 8013.

Appellants each sought an exemption from the bankruptcy court for lump sum workers' compensation payments received prior to filing their bankruptcy petitions. *In re Gagne,* Bky No. 4–93–5177, was heard before the bankruptcy court December 1, 1993. *In re VanKirk,* Bky No. 4–93–6047, was heard December 29, 1993. The bankruptcy court consolidated its rulings in its Order dated February 3, 1994. The Appellants have appealed the bankruptcy court's determination that the lump sum settlement proceeds arising

from a debtor's workers' compensation claim is not exempt under Minnesota law.

Based on a review of the record and consideration of the submissions of the Appellants and Appellee, the court concludes that Bankruptcy Judge Dreher's order is contrary to law and must therefore be reversed.

## I.

Debtor, Gregory A. Gagne (Gagne) was formerly employed or affiliated with Minneapolis Boxing and Wrestling (MBW), as a professional wrestler, promoter and/or salesman. During his employment, he received various injuries which forced him to terminate his wrestling career. As a result of such injuries, Gagne filed a worker's compensation claim.

On March 26, 1993, Gagne entered into a stipulation of settlement with MBW and various insurers. Pursuant to such settlement, Gagne received payments totalling $100,000. On September 7, 1993, Gagne filed Chapter 7 bankruptcy. He filed his schedules of assets and liabilities, including the $100,000 workers' compensation settlement on Schedule C–Property Claimed as Exempt under Minnesota Statutes § 176.175(2) and § 550.37, subds. (22) or (24).

Debtor, Michael S. VanKirk (VanKirk) was also injured in the course of his employment and received a lump sum settlement of $20,000 for wage loss and permanency of injury. Of the total award, $8,000 was spent to cure a mortgage deficiency and to make repairs on the home. On October 22, 1993, VanKirk filed a petition for relief under Chapter 7 of the Bankruptcy Code. On the Schedule C, VanKirk claimed the remainder of his worker's compensation settlement, $11,157, exempt under Minn.Stat. § 176.175. VanKirk later amended his Schedule C to include Minn.Stat. § 550.37, subds. (22) or (24) as additional bases for exemption.

Trustee, Julia A. Christians objected to the claimed exemptions in both cases arguing that the workers' compensation proceeds were not exempt under Minnesota law.

The bankruptcy court denied the exemption of pre-petition lump sum proceeds of workers' compensation settlement under all of the asserted statutory bases. For the reasons stated below, this court finds the bankruptcy court's interpretation of Minn. Stat. § 176.175, subd. 2 is contrary to the purposes of the workers' compensation statutes and exemptions.

## II.

The exemption statute at issue herein is Minn.Stat. § 176.175, subd. 2 which provides that "any claim for compensation owned by an injured employee or dependents is exempt from seizure or sale for the payment of any debt or liability." The bankruptcy court determined that compensation received by an employee is not a "claim for compensation" as provided by section 176.175, subdivision 2, drawing a distinction between the right to a future payment and the actual payment received. *In re Gagne*, 163 B.R. at 821–822. The bankruptcy court based her ruling upon the determination that the workers' compensation statute must be given a narrow construction, and that the plain meaning of the statutory language is unambiguous. The bankruptcy court also based her ruling on the justification that an employee should have a right to assign the proceeds once received and that the exemption is intended for the benefit of those disbursing such compensation. As will be discussed below, this court finds the bankruptcy court's interpretation of this exemption cannot stand.

When interpreting statutory language, the court must keep in mind that "the words of a statute are not to be isolated, and their meaning found in the context and purpose of the statute as a whole." *Governmental Research Bureau v. St. Louis County*, 258 Minn. 350, 104 N.W.2d 411, 413 (1960). Furthermore, the canons of construction "are never masters of the court, but merely their servants, to aid them in ascertaining the legislative intent." *Id.* This rule is consistent with Minn.Stat. § 645.08 which provides:

> In construing the statutes of this state, the following canons of interpretation are to govern, unless their observance would involve a construction inconsistent with the manifest intent of the legislature, or repugnant to the context of the statute.

Exemption statutes are intended to protect debtors and their families from destitution by leaving debtors with enough assets to provide for their basic needs. *In re Schlee*, 60 B.R. 524, 526 (Bankr.D.Minn. 1986). In *Surace v. Danna*, 248 N.Y. 18, 161 N.E. 315 (N.Y.1928), Judge Cardozo noted:

> The exemption must have a meaning consistent with the policy behind it. Few words are so plain that the context or the occasion is without capacity to enlarge or narrow their extension. The thought behind the phrase proclaims itself misread when the outcome of the reading is injustice or absurdity ... Adherence to the letter will not be suffered to 'defeat the general purpose and manifest policy intended to be promoted.'

The bankruptcy court based her ruling on the assumption that the workers' compensation statute must be narrowly construed. The legislature has directed the courts not to apply a broad liberal construction to the workers' compensation laws in favor of the claimant/employee on one hand and the employer on the other, Minn.Stat. § 176.001. Exempting the proceeds of a lump sum settlement does not favor employees over employers, however. Thus, construing the exemption statute to protect the debtor and his/her family does not violate the legislative mandate contained in Section 176.001.

The Workers' Compensation Act, Minn.Stat. § 176, is intended to "assure the quick and efficient delivery of indemnity and medical benefits to injured workers at a reasonable cost to the employers...." Minn. Stat. § 176.001 (1993). Employees entitled to compensation under the Act may receive periodic payments, or such payments may be commuted to "one or more lump sum payments." Minn.Stat. § 176.165. The lump sum payments "shall amount, in the aggregate, to a sum equal to the present value of all future installments of the compensation calculated on a five percent basis." *Id.* Lump sum payments serve the same purpose as periodic payments, and should be favored in that they avoid the delays of litigation and expedite the granting of relief. *Senske v.*

*Fairmont & Waseca Canning Co.*, 232 Minn. 350, 45 N.W.2d 640, 648 (1951).

By ruling that lump sum workers' compensation benefits once received are no longer are exempt, "[t]hey will no longer be a fund for the support of the indigent and helpless." *Surace*, 161 N.E. at 315. Such an interpretation defeats the purposes of the exemption. Because lump sum payments serve the same purpose as periodic payments, and there is no dispute that the right to future payment are exempt, lump sum payments should not be treated differently.

The bankruptcy court, as well as other courts that have denied the exemption for workers' compensation proceeds received prior to filing bankruptcy, have justified their rulings on the basis that a workman should have the right to assign compensation once received and that the exemption was intended to protect the agent responsible for disbursing the funds. *See, In re Bonzey*, 153 B.R. 105 (Bankr.D.R.I.1993) (relying on *Surace*, 161 N.E. 315, 317–318) (O'Brien, J., dissenting). The first justification fails because there is nothing in Minn.Stat. § 176.175, subd. 2 that prevents a debtor from voluntarily using the proceeds to pay debts. The statutory language merely takes the proceeds out of the bankruptcy estate. There is no statutory restriction as to what the debtor may do with the proceeds.

As to the second justification, this court is persuaded by the majority opinion of Judge Cardozo who addressed the issue in the following manner:

> We are blind to the policy of workmen's compensation if we say that the purpose of the exemption, thus emphatically guarded, is to promote the convenience of the state by withdrawing the occasion for conflicting claims of ownership. There shines through the statute, both here and in related sections, a worthier conception of the duty of the state to the helpless and hapless in an industrial society. From the viewpoint of mere convenience, an assignment or release or commutation of an award is a matter of indifference to the state or its officials. Payments are made for the most part by the employer or an

**54**

insurer. When not made by these, they are made from the state fund. Release, instead of imperiling the fund, would have a tendency to strengthen it. A public officer may assign his salary after an installment is already due. (citations omitted). Not so, a disabled workman who would part with his award. 'Compensation and benefits shall be paid only to employees of their dependents.' [citing New York's Workmen's Compensation Law § 33.] At the root of the exemption is something more benignant that bureaucratic formalism, a dislike of complicating documents. The exemption like the compensation is for the protection of the man.

*Surace,* 161 N.E. at 316.

As this is a case of first impression in Minnesota, the Appellee and the bankruptcy court relied on dicta found in *Senske, supra,* as further support for their position. In *Senske,* the Minnesota Supreme Court was asked to review the decision of the industrial commission denying a petition for approval of a lump sum settlement under the Workers' Compensation Act. The court affirmed the denial of the petition because the debtor sought to use such compensation to pay his creditors.

> If a material part of a lump sum settlement is to be exhausted in the payment of an indebtedness, the purpose of awarding disability benefits, namely, that of providing the disabled workman with support or the means for his rehabilitation by qualifying him for other and lighter work, to the end that he will not become a burden upon the public, may be wholly defeated. If the proceeds of a lump sum settlement are to be depleted by devoting them to the payment of debts, such settlement is improvident and is neither fair nor reasonable within the meaning of the act; *furthermore, such lump sum settlement becomes then by indirection a device for circumventing the express provisions of § 176.23 which state that claims for compensation owned by an injured employe shall not be assignable and shall be exempt from seizure or sale for the payment of any debt or liability except as the compensation act may otherwise provide.*

The bankruptcy court concluded that the underlined language above "implicitly suggests that the *Senske* court concluded that lump sum payments received by the worker were not exempt from attachment by creditors." *In re Gagne,* 163 B.R. at 823. Reliance on the above dicta is misplaced, however. The court in *Senske* was not concerned with interpreting the exemption at issue herein, and there is no evidence the court took into consideration the policy arguments proffered in this case when it included the above underlined language in its opinion. Furthermore, *Senske* is distinguishable on its facts as the court was faced with the circumstance of a debtor desiring to voluntarily pay debts from the proceeds of a lump sum settlement and under such circumstance whether the lump sum settlement was provident.

Other jurisdictions have chosen to follow the sound reasoning of Judge Cardozo in *Surace* to hold that workers' compensation benefits received prior to filing a bankruptcy petition are exempt on the basis that any other interpretation would defeat the purpose of the exemption. *See, e.g., In re Fraley,* 148 B.R. 635 (Bankr.M.D.Fla.1992) (holding lump sum settlement exempt under workers' compensation law as consistent with law's purpose); *In re Nolen,* 65 B.R. 1014 (Bankr.D.N.M.1986), (holding proceeds of workers' compensation settlement were exempt under New Mexico law); *In re Covey,* 36 B.R. 696 (Bankr.W.D.Ark.1984), (holding worker's compensation lump sum benefits received by debtor prior to filing of Chapter 13 petition and were segregated from other assets were exempt from payment to creditors); *Vukovich v. Ossic,* 50 Ariz. 194, 70 P.2d 324, 326 (1937) (holding it "inconsistent with the Act and utterly out of harmony with the end it was enacted to accomplish to hold that compensation is not exempt after it reaches the employee but may be taken by creditors in payments of other debts.")

Finally, the bankruptcy court's determination as to the definition of "claim for compensation" is too narrow given the nature of such claims. A workers' compensation claim is not like a private personal injury tort action. Personal injury settlements are final and complete.

Workers' compensation, on the other hand, is social legislation, providing a measure of security to worker's injured on the job, with the burden of that expense considered a proportionate part of the expense of production ... The system endeavors fairly and fully to compensate the meritorious injury claim. Consequently, Workers' Compensation Act "permit[s] adjustment of the award in relation to facts subsequently appearing so as 'to assure a compensation proportionate to the degree and duration of disability.'"

*Franke v. Fabcon, Inc.*, 509 N.W.2d 373, 376 (Minn.1993), (holding a substantial worsening of the employee's condition subsequent to settlement warrants reopening of the settlement). This potential for change in the award maintains the claim as a right to compensation. Since the right to further compensation exists, the court cannot say that injured workers no longer have a claim or "demand for money or property" once settlement occurs. *See, e.g., Prime v. Dunaway*, 164 Tenn. 396, 50 S.W.2d 223, 224 (Tenn. 1932) (An injured employee's right to compensation remains a claim after the award and is not assignable even after settlement.)

Based on the foregoing, the court finds that Minn.Stat. § 176.175, subd. 2 must be construed to exempt lump sum workers' compensation settlement proceeds received by a debtor prior to the filing of a bankruptcy petition.

### III.

■ Because the legislature has provided an exemption in the Workers' Compensation Act, the court affirms the rulings of the bankruptcy court as to Minn.Stat. § 550.37, subds. 22 and 24 on the basis that proceeds of a workers' compensation lump sum settlement were not the types of claims contemplated to be covered thereunder.

### ORDER

Based upon the above, the files, records and proceedings herein, it is hereby ordered that the bankruptcy court's denial of the exemption of workers' compensation settlement proceeds under Minn.Stat. § 176.175, subd. 2

is REVERSED and the debtors' claimed exemptions are GRANTED.