No. 95-3614

Julia A. Christians, Trustee     *
of the Bankruptcy Estate of     *
Edward F. Dulas and Connie L.    *
Dulas,     *
    *
        Appellant,     *
    *  Appeal from the United States
     v.     *  District Court for the District
    *  of Minnesota.
Edward F. Dulas; Connie L.     *
Dulas,     *
    *
        Appellees.     *

_____

Submitted:  June 14, 1996

Filed:  September 11, 1996
_____

Before BOWMAN, JOHN R. GIBSON, and BEAM, Circuit Judges.
_____

BEAM, Circuit Judge.

Trustee Julia Christians appeals the district court's order exempting an annuity belonging to Edward and Connie Dulas from the bankruptcy estate. We reverse.

## I.  BACKGROUND

In 1994, Edward and Connie Dulas (collectively the debtors) filed a voluntary petition under Chapter 7 of the Bankruptcy Code.  They elected to use the exemptions provided by state law, instead of those provided by federal law.[1]  The debtors then claimed that

---

[1]Bankruptcy debtors may elect to use either the exemptions set forth in the federal bankruptcy code or in the nonbankruptcy law of the debtors' domicile.  Compare 11 U.S.C. § 522(d) with 11 U.S.C. § 522(b)(2).

an annuity from which Connie receives monthly payments was exempt from the bankruptcy estate under Minnesota law.

The annuity was the result of the settlement of a personal injury action arising out of an automobile accident involving Connie Dulas. To effectuate the settlement, the debtors dismissed their legal action and released the defendants from further liability. In return, the defendants purchased an annuity payable to Connie Dulas. The annuity provides that Connie receive $450,000 in cash, monthly payments of $3,150 for the next forty years, and a lump sum of $200,000 on her sixty-fifth birthday. The annuity payments are guaranteed by an annuity insurance contract with the Life Insurance Company of North America.

The trustee objected to the claimed exemption on the ground that an annuity received in a pre-petition settlement of a personal injury claim is not an exempted personal injury right of action within the meaning of Minnesota law. The bankruptcy court allowed the exemption, however, and the district court summarily affirmed. The trustee appeals, arguing that the annuity was improperly exempted from the bankruptcy estate.

## II. DISCUSSION

The district court determined that the annuity is exempt from the bankruptcy estate under Minnesota statute section 550.37, subdivision 22. That statute exempts "[r]ights of action for injuries to the person of the debtor or of a relative whether or not resulting in death." Minn. Stat. § 550.37(22). We must therefore determine whether the annuity constitutes a right of action under Minnesota law. On appeal, we review de novo the district court's legal conclusion that the annuity is exempt from the bankruptcy estate. See In re Muncrief, 900 F.2d 1220, 1224 (8th Cir. 1990).

The language of section 550.37(22) makes it clear that the Dulas annuity is not a right of action. See, e.g., In re Procter, 186 B.R. 466, 468 (Bankr. D. Minn. 1995) (holding "[t]he term, `rights of action,' is defined as `the right to bring suit; a legal right to maintain an action, growing out of a given transaction or state of facts and based thereon'") (quoting Black's Law Dictionary 1325 (6th ed. 1990)); In re Medill, 119 B.R. 685, 687 (Bankr. D. Minn. 1990) (construing the term "rights of action" only to include future or pending claims). The statute exempts rights of action, not rights of payment.[2] See Medill, 119 B.R. at 687 n.3. Although the debtors had a right of action when Connie was injured, they no longer have such a right. Instead, they have proceeds from the settlement of their personal injury action--no part of which was still pending at the time of the bankruptcy filing. By settling their claim, the debtors reduced their right of action to a right of payment. Consequently, the annuity is not a right of action under Minnesota law.

Had the Minnesota legislature wished to exempt proceeds resulting from personal injury claims, it could have done so. It has done so in numerous other instances. See, e.g., Minn. Stat. §§ 550.37(10) & (23) (exempting insurance proceeds); Minn. Stat. §§ 510.01, 510.02, 510.07 and 550.37(12) (exempting proceeds from sale of homestead); Minn. Stat. § 550.37(24) (exempting right to receive employee benefits); Minn. Stat. § 550.38 (exempting veteran's benefits). As the Procter court stated:

---

[2]The legality of a "right of action" exemption under the Minnesota Constitution was determined by the Minnesota Supreme Court in Medill v. State, 477 N.W.2d 703 (Minn. 1991). Dictum in the opinion may be construed as being supportive of the expanded definition of the exemption sought by the debtors. However, on the facts, Medill is inapposite here. Medill's tort claim was pending trial at all relevant times. Thus, under any proposed definition, the "right of action" mentioned in the Minnesota statute was clearly in existence.

-3-

> Here, the legislature has not chosen to exempt settlement proceeds arising from a personal injury claim. The legislature has the ability and knows how to effectively provide exemption protection for proceeds of exempt property if it so chooses. Clearly then, the fact that the legislature omitted any inclusion of proceeds from personal injury claims indicates a deliberate choice not to do so.

Procter, 186 B.R. at 469.

This case is distinguishable from situations where a personal injury defendant pays a settlement amount over a period of time. There, the defendant has a continuing obligation to the plaintiffs; here, there is no such obligation. In this case, the defendants bought an annuity in 1984 for the benefit of the debtors. The defendants' obligation ended at that time. Compare In re Gagne, 163 B.R. 819, 823 (Bankr. D. Minn. 1994) (settlement proceeds from worker's compensation claim not right of action for purpose of statute), rev'd on other grounds, 172 B.R. 50 (D. Minn. 1994); Procter, 186 B.R. at 469 (settlement proceeds paid in full negate concept of right of action because the party paid has no further right against the defendant); with In re Carlson, 40 B.R. 746, 750 (Bankr. D. Minn. 1984) (settlement proceeds from personal injury action were exempt because debtors had not yet released defendants from liability or received settlement payments). Only the third-party guarantor of the annuity remains obligated to the debtors here. At best, the debtors may in the future have a breach of contract action against the third-party annuity guarantor. Such an action would clearly not be an action "for injuries to the person" under Minnesota law. See Minn. Stat. § 550.37(22). Therefore, the annuity is not exempt from the bankruptcy estate.[3]

---

[3]Our conclusion is further supported by the legislative history of the federal and state exemption statutes. Currently, the Bankruptcy Code provides an exemption for rights of payment arising from a personal injury action. 11 U.S.C. § 522(d)(11)(D). This reflects a change in federal law, however, as rights of action instead of rights of payment were previously exempted. See § 70a(5) of the Bankruptcy Act of 1938 (formerly 11 U.S.C. § 110.A(5)) (reproduced in Collier on Bankruptcy ¶ 70.28, at 379 (14th ed. 1978)). After the change in federal law, Minnesota amended its exemption statute to protect rights of action. Minn. Stat. § 550.37(22) (historical notes). Because a person can elect

-4-

Finally, the bankruptcy court's reliance on "policy considerations" does not support the annuity exemption on these facts. In stating that the denial of the exemption would deprive the debtors of their right to a "fresh start," the bankruptcy court ignored the fact that the debtors could have elected to use the exemptions provided by the federal statutes. In re Dulas, 177 B.R. 897, 900 (Bankr. D. Minn. 1995). In any event, the annuity at issue here is not exempt under Minnesota statute section 550.37, subdivision 22. We note, however, that today's decision does not address the availability of other exemptions or protections found in the Bankruptcy Code.

### III. CONCLUSION

Because the annuity here at issue was improperly exempted from the bankruptcy estate, we reverse the judgment of the district court.

JOHN R. GIBSON, Circuit Judge, dissenting.

I respectfully dissent.

I would affirm the judgment of the district court affirming the bankruptcy court order exempting the annuity, which was a portion of the structured settlement.

---

the protection of either state or federal exemptions, Minnesota's amendment allowed bankruptcy debtors to choose between protecting rights of action or rights of payment. In this case, the debtors elected to use the exemption statute which protected rights of action. Their choice failed to protect the annuity from becoming part of the bankruptcy estate.

In my view, the court today gives far too little weight to <u>Medill v. State</u>, 477 N.W.2d 703 (Minn. 1991). In <u>Medill</u> the Supreme Court of Minnesota emphasized that there were strong social policies in favor of exempting damage awards resulting from personal injuries. The Minnesota Supreme Court stated:

> These policies [of protecting debtors from "absolute want"] apply with even more force to the personal injury right of action exemption because it deals not so much with the debtor's property, but with the debtor's human capital. . . . The debtor who suffers serious personal injury is deprived of using his or her human capital in getting a fresh start.

<u>Id.</u> at 708. The Minnesota Supreme Court drew no distinction between a debtor's interest in a personal injury claim already reduced to settlement or judgment and his interest in a pending claim. The Minnesota court's policy arguments apply equally to both situations. Indeed, <u>Medill</u> stated:

> We can find no reason why the creditor should be able to attach a <u>structured settlement</u> any more than a homestead. To allow it is to place the burden on the tax-paying public while the creditors benefit from the award. . . . Here, the social policy to exempt the recovery is even stronger [than in the case of homestead]."

<u>Id.</u> at 709 (emphasis added).

It is true that <u>Medill</u> deals with the constitutionality of the exemption statute, and does not speak to the precise issue before us, and that the statements in the opinion are dictum. On the other hand, the statements are powerful expressions by the state supreme court en banc of state public policy at the heart of the question before us. The question of exemption is one of state law, and when an issue has not been decided by the Supreme Court of a state, it is our responsibility to predict how that court would decide the case before us. I know of no clearer indicator of the

direction the Minnesota Supreme Court would take than a statement by that court en banc, dictum though it may be.

The court states that "Medill's tort claim was pending trial at all relevant times." Supra at __ n.2. The Minnesota Supreme Court did not say anything to indicate that it relied on the fact that the claim was pending, rather than reduced to judgment, at any particular "relevant time." The Medill decision itself reflects that judgment on the tort claim had been entered on March 15, 1989, before the Minnesota Supreme Court rendered its opinion approving the exemption on November 22, 1991. Id. at 704.

I believe that these statements of the Minnesota Supreme Court en banc in Medill show that it would apply the exemption in this case. Accordingly, I would affirm the judgment of the district court affirming the order of the bankruptcy court.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-7-