**Lucy Young JOHNSON, Debtor,**

v.

**Michael J. IANNACONE, Trustee.**

**No. 03–CV–6202 (JMR).**
**Bankruptcy No. 03–31044.**

United States District Court,
D. Minnesota.

Aug. 23, 2004.

Alan W. Weinblatt, Maura J. Shuttleworth, Weinblatt & Gaylord PLC, St. Paul, MN, for appellant.

ORDER

ROSENBAUM, Chief Judge.

Debtor, Lucy Young Johnson, appeals from an Order issued October 10, 2003, by the Honorable Gregory F. Kishel, United States Chief Bankruptcy Judge. The Bankruptcy Judge found Minnesota's Workers' Compensation Act exemption inapplicable to a workers' compensation lump sum settlement. Minn.Stat. § 176.175, subd. 2. Judge Kishel, perforce, found the settlement available for the benefit of creditors. Ms. Johnson filed a timely appeal pursuant to 28 U.S.C. § 158.

Ms. Johnson claims the Bankruptcy Court ignored the holding in *Gagne v. Christians,* 172 B.R. 50 (D.Minn.1994) (Davis, J.). In *Gagne,* Judge Davis applied the workers' compensation exemption to a lump sum settlement. The Trustee asks this Court to affirm the Bankruptcy Court Order.

■ A district court reviews a bankruptcy court's legal conclusions *de novo.* *See In re Leser,* 939 F.2d 669, 671 (8th Cir.1991); *Wegner v. Grunewaldt,* 821 F.2d 1317, 1320 (8th Cir.1987). Upon making such review, this Court reverses the Bankruptcy Court, and finds the workers' compensation lump sum settlement properly exempt under Minnesota law pursuant to Minn.Stat. § 176.175, subd. 2.

I. *Background*

Ms. Johnson injured her back and neck in 1992 and 1993 while working as a nurse. As a result of these injuries, she sought workers' compensation disability benefits. She received a lump sum settlement in 1994, in lieu of periodic payments, for temporary and permanent partial disability. In 2003, nearly a decade after her injuries, she filed a voluntary bankruptcy petition claiming that the workers' compensation settlement was exempt. The Bankruptcy Court sustained the Trustee's objection to the exemption.

Ms. Johnson appeals, asking two questions: first, whether her workers' compensation settlement is exempt property; and second, whether *stare decisis* requires the Bankruptcy Court to follow Judge Davis's ruling. Because this Court independently concludes the settlement is exempt, and in so doing finds Judge Davis's ruling in *Gagne v. Christians* well-founded, this Court need not reach the question of whether *Gagne* binds the Bankruptcy Court.

II. *Analysis*

■ "Where a debtor chooses to exempt property pursuant to a state statute,

courts necessarily determine his or her eligibility thereunder by looking to state law." *In re Mueller*, 215 B.R. 1018, 1022 (8th Cir. BAP 1998). This Court is bound to apply state law as "discern[ed] . . . from the rulings of the state's courts." *Id.* at 1023.

The Court reviews a Minnesota statute by considering the Minnesota legislature's intent and statutory context. *See* Minn. Stat. § 645.08; *Governmental Research Bureau v. St. Louis County*, 258 Minn. 350, 104 N.W.2d 411, 413–14 (1960) ("[t]he words of a statute are not to be isolated, and their meaning must be found in the context and purpose of the statute as a whole"); *Umbreit v. Quality Tool, Inc.*, 302 Minn. 376, 225 N.W.2d 10, 13 (1975) (analyzing policy, context, and legislative intent of Workers' Compensation Act); *Franke v. Fabcon, Inc.*, 509 N.W.2d 373, 376 & n. 3 (Minn.1993) (same).

Here, Ms. Johnson claims her workers' compensation settlement is exempt by virtue of Minn.Stat. § 176.175. The relevant portion of the Workers' Compensation Act ("the Act") provides that:

> Except as otherwise provided in this chapter, any claim for compensation owned by an injured employee or dependents is exempt from seizure or sale for the payment of any debt or liability.

Minn.Stat. § 176.175, subd. 2 (2004). Because no other exceptions apply, the Court turns to the definition of "claim for compensation." The Act does not define the word "claim." It does, however, define "compensation" as "all benefits provided by this chapter on account of injury or death." Minn.Stat. § 176.011, subd. 8 (2004).

In *Gagne*, the court found a "claim" included a workers' compensation lump sum settlement. The Bankruptcy Court, to the contrary, defined "claim" by reference to recent decisions construing a different statute: Minn.Stat. § 550.37. The decision to analyze this claim of exemption by reference to Section 550.37 is erroneous, because Section 550.37 addresses the execution of judgments—it is not part of the Minnesota workers' compensation scheme.

Section 550.37, as opposed to the workers' compensation statute, deals with certain property of a judgment debtor which is exempt from judicial process. This includes "rights of action" for personal injuries. Minn.Stat. § 550.37, subd. 22 (2004). Recent cases construing the judgment exemption define a distinction between the "right of action" and its "proceeds," holding that the debtor's settlement of a personal injury action transforms the exempt "right of action" into non-exempt "proceeds" available to creditors. *See Christians v. Dulas*, 95 F.3d 703, 704 (8th Cir. 1996); *Sunde v. Fobair Furniture, Inc.*, 2000 WL 1051938, *2 (Minn.App.2000) (unpublished).

After construing these Section 550.37 cases, the Bankruptcy Court observed that the term "claim" is often equated with "right of action." Building upon this observation, the Bankruptcy Court applied the Section 550.37, judgment exceptions, analysis to Section 176.175 workers' compensation recoveries. After doing so, the Bankruptcy Court found workers' compensation settlement "proceeds" were not exempt. *In re Johnson*, 300 B.R. 471, 476–77 (Bankr.D. Minn.2003). This Court respectfully disagrees.

■■■■ The Eighth Circuit Bankruptcy Appellate Panel has held that state statutory exemptions are to be construed by reference to state law. *Mueller*, 215 B.R. at 1022. Therefore, any analysis begins with the statute itself. As with many

words, "claim" has multiple meanings.[1] As such, its proper meaning in a particular statute can only be discerned by considering its statutory context. The inquiry, then, begins not with a dictionary, but with the text and context of the Act as construed by the Minnesota Supreme Court.

Minnesota's legislature directed that the Workers' Compensation Act "be interpreted so as to *assure the quick and efficient delivery of indemnity and medical benefits* to injured workers at a *reasonable cost* to the employers ...." Minn.Stat. § 176.001 (2004) (emphasis added). The Act makes no distinction between a "claim" and its "proceeds." Rather, it explicitly allows injured employees to receive compensation in either of two ways: as periodic payments, or, as in Ms. Johnson's case, in "one or more lump sum payments." Minn.Stat. § 176.165 (2004).

The legislature mandates that lump sum payments "shall amount, in the aggregate, to a sum equal to the present value of all future installments of the compensation calculated on a five percent basis." *Id.* "Lump sum payments serve the same purpose as periodic payments, and should be favored in that they avoid the delays of litigation and expedite the granting of relief." *Gagne*, 172 B.R. at 53, *citing Senske v. Fairmont & Waseca Canning Co.*, 232 Minn. 350, 45 N.W.2d 640, 648 (1951). Lump sum payments deliver benefits quickly and efficiently, and are cost-effective, thus complying with Minnesota's defined statutory objectives. Taken together, these facts suggest that the definition of the word "claim" may include lump sum benefits, and a Court must not unduly burden an employee's choice of these benefits.

The legislature further recognized that: [t]he workers' compensation system in Minnesota is based on a *mutual renunciation of common law rights and defenses* by employers and employees alike. Employees' rights to sue for damages over and above medical and health care benefits and wage loss benefits are to a certain degree limited by the provisions of this chapter, and employers' rights to raise common law defenses such as lack of negligence, contributory negligence on the part of the employee, and others, are curtailed as well.

Minn.Stat. § 176.001 (2004) (emphasis added). Put another way, the legislature removed employees' personal injury "rights of action" against their employers, substituting a statutory entitlement to prompt and certain payment designed to protect workers from penury after work-related injuries. *See* Larson's Workers' Compensation § 1.03[2] ("Larson").

In distinguishing common law recoveries from the Act's worker's compensation benefits, *see* Larson § 1.03, the Minnesota Supreme Court notes that "a workers' compensation claim is not like a private personal injury tort action." *See, e.g., Franke*, 509 N.W.2d at 376. Explaining, the Court said:

In [a tort action], settlements are, in a literal sense, "final and complete," putting to rest, once and for all, a dispute between the parties (absent fraud or mutual mistake). Workers' compensation, on the other hand, is social legislation, providing a measure of security to workers injured on the job, with the

---

**1.** The American Heritage Dictionary gives four definitions of "claim." *American Heritage Dictionary*, 277 (2d Coll. Ed.1982). Black's Law Dictionary provides six definitions with substantial discussion. *See Black's Law Dictionary* 240–241 (Bryan A. Garner ed., 7th ed., West 1999).

burden of that expense considered a proportionate part of the expense of production.

*Id.* (holding that a substantial change in medical condition after workers' compensation settlement merits reopening settlement); *see also Monson v. White Bear Mitsubishi,* 663 N.W.2d 534, 539–40 (Minn. 2003) (holding that development of new facts, or mistake in diagnosis, after award of workers' compensation benefits justifies reopening award).

Applying these principles here, the Court finds the Bankruptcy Court erred in denying an exemption for Section 176.165 workers' compensation benefits by examining the application of Minn.Stat. § 550.37, a statute dealing with common law recoveries. The Bankruptcy Court fell into the analytical error the Minnesota Supreme Court warned against in *Franke.* As a result, the Bankruptcy Court's narrow definition of "claim" fundamentally conflicts with the purpose of the exemption and of the Workers' Compensation Act as a whole.

There is no question that the tort system must resolve a wide range of private disputes "once and for all." In the tort context, bright-line distinctions between claims and proceeds are useful and well established. They make sense.[2] The Act's primary purpose, however, is designed to protect injured workers from poverty at reasonable cost to the public. This Court is persuaded by Judge Cardozo who applied a similar exemption for funds under the New York Workmen's Compensation Law, saying:

By concession the moneys due under the award would have been exempt from the pursuit of creditors before they reached the judgment debtor. The argument is, however, that they became subject to seizure the instant they were paid. If this is so, the exemption is next to futile.... [The funds] may be appropriated to the last dollar in satisfaction of an ancient debt. They will no longer be a fund for the support of the indigent and helpless. So narrow a construction thwarts the purpose of the statute.

*Surace v. Danna,* 248 N.Y. 18, 20, 161 N.E. 315, 315 (N.Y.1928). By preserving workers' compensation benefits in the injured worker's hands, the statutory exemption protects workers and manages the public's cost. This rationale applies with equal force to periodic and lump sum workers' compensation benefits, and both must be treated alike. *See Gagne,* 172 B.R. at 53.

The Minnesota workers' compensation scheme is social legislation, designed as an efficient, humane and effective alternative to the tort system. It is fundamentally different from the tort recoveries considered in *Dulas* and *Sunde.* Far from undercutting the *Gagne* rationale, these decisions merely reflect well-established differences between workers' compensation and tort law.

Accordingly, the Court holds that Minnesota Statute § 176.175 must be construed to exempt lump sum workers' compensation proceeds received by the debtor prior to the filing of a bankruptcy petition.

**2.** They make particular sense because the tort system provides aspects of recovery entirely closed to workers' compensation claimants. The tort system provides broad areas of compensatory damages, as well as (in appropriate cases) punitive damages. This contrasts with the workers' compensation scheme, which denies employees any recovery from their employer for injuries unrelated to earning capacity (e.g. disfigurement, pain and suffering, loss of sexual or reproductive function), or any enhancement based on the employer's fault (e.g. punitive damages). Larson §§ 1.03[4], [5]. After considering these differences, treating each kind of recovery differently is understandable.

### III. *Conclusion*

Based on the files, records, and proceedings herein, IT IS ORDERED that the Bankruptcy Court's denial of the exemption of workers' compensation proceeds under Section 176.175 is hereby reversed. The debtor's claimed exemption is granted.